UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:13-cv-00894-MCE-KJN |
| Plaintiff, | |
| v. | **ORDER** |
| RAMAWATAR SAH, et al., | |
| Defendants. | |

Plaintiff Scott Johnson ("Plaintiff") filed the instant action seeking damages and injunctive relief for violations of the Americans with Disabilities Act, the Unruh Civil Rights Act, and the California Disabled Persons Act, as well as for negligence against numerous defendants, including Ramawatar Sah, doing business as Quick Shop Market ("Defendant"). See ECF No. 26. On September 3, 2014, counsel for Defendant, Thomas S. Knox and Garrett W. Brandenburger of Knox, Lemmon & Anapolsky ("Counsel"), moved to withdraw ("Withdrawal Motion") pursuant to Local Rule 182(d). Mot., ECF No. 24.

In this district, "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. Local R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State

1

Bar of California." Id. The Rules of Professional Conduct in California permit withdrawal if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." California Rules of Professional Conduct Rule 3-700(C)(1)(d). Withdrawal is also permitted where a client breaches an obligation to his attorney with respect to payment of fees or expenses. California Rules of Professional Conduct Rule 3-700(C)(1)(f). Whether to grant leave to withdraw is subject to the sound discretion of the Court and "may be granted subject to such appropriate conditions as the Court deems fit." E.D. Cal. Local Rule 182(d); Canandaigua Wine Co., Inc. v. Edwin Moldauer, 2009 WL 89141, *1  (E.D. Cal. Jan. 14, 2009).

      Counsel seeks to withdraw on the grounds that Defendant has instructed Counsel not to perform any additional work on his behalf and because Defendant has failed to pay Counsel's legal fees and costs. See ECF No. 24-3. In support of the Withdrawal Motion, Counsel submitted a Declaration (ECF No. 24-3), as well as a Consent to Withdrawal signed by Defendant (ECF No. 24-2). Defendant acknowledged that he will be representing himself in this case and that it will be his responsibility to comply with all court rules and applicable laws. See ECF No. 24-2. Counsel's Withdrawal Motion is unopposed.[1]

      Having considered all papers submitted to the Court, including Counsel's Declaration and Defendant's Consent, pursuant to Local Rule 182(d) and the California Rules of Professional Conduct, the Court finds that good cause exists for Counsel's withdrawal.[2]

////
///
///
///

---

[1] Plaintiff did not file an Opposition or Statement of Non-Opposition. See E.D. Cal. Local R. 230.

[2] Defendant is advised to scrupulously review and follow the Court's Local Rules and the Federal Rules of Civil Procedure.

Accordingly,

1. The Withdrawal Motion (ECF No. 24) is GRANTED;

2. The October 2, 2014, motion hearing is VACATED;

3. Thomas S. Knox and Garrett W. Brandenburger of Knox, Lemmon & Anapolsky are RELIEVED as counsel for Defendant Ramawatar Sah and Defendant Ramawatar Sah is SUBSTITUTED in pro per in this matter; and

4. The Clerk of the Court shall SERVE a copy of this Order on Defendant Ramawatar Sah via United States Mail at 1964 East 8th Street, Davis, CA, 95616.

IT IS SO ORDERED.

Dated:  September 29, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT